## Case No. 6,085.

### In re HARPER.

#### [6 Chi. Leg. News, 279.]

District Court, D. Minnesota. May, 1874.

BANKRUPTCY — BAR TO DEBTOR'S DISCHARGE — FRAUDULENT PREFERENCES, GIFTS, ETC.

[The fraudulent preference "contrary to the provisions of this act," and the fraudulent payment, gift, transfer, etc., of property, mentioned in section 29 of the act 1867 (14 Stat. 531), as being a bar to the debtor's discharge, must be such as are denominated frauds by the terms of the law, and particularly described in section 35. Hence giving a preference more than four months before the filing of the petition, or making a payment, gift, transfer, etc., more than six months before the same date, will not bar the discharge.]

[Cited in Re Wolfskill, Case No. 17,930.]

Demurrer to specifications against a discharge.

Gilman, Clough & Wilde, for creditors.
Gordon E. Cole, for bankrupt.

NELSON, District Judge. John B. Harper, who had been adjudged a bankrupt in this court, having applied for a discharge from his debts. certain of his creditors, opposing such discharge, filed three distinct specifications wherein they set forth the grounds of their opposition. To the first and third of these specifications the bankrupt interposed demurrers, averring that the matters alleged therein are not sufficient in law to prevent his discharge. The questions arising upon these demurrers are submitted to the court for decision. The first specification charges, in substance, that the bankrupt has given a fraudulent preference contrary to the provisions of the act establishing the system of bankruptcy, in that he did within six months before the filing of the petition of adjudication of bankruptcy against him, being insolvent, and knowing that fact, and being indebted to one W. J. Van Dyke in a large sum of money, pay a portion of said indebtedness, with intent to thereby prefer him over the remaining creditors. The question for my consideration, presented by the demurrer to this specification, is whether such a state of facts creates a preference fraudulent under the act and forbidden thereby, which would prevent a discharge.

Section 29 declares, among other things, that "no discharge shall be granted * * * if the bankrupt * * * has given any fraudulent preference contrary to the provisions of this act." There is another clause of this section denying a discharge if, in contemplation of becoming a bankrupt, any payment is made for the purpose of preferring a creditor, but it is not pretended that this specification is framed to cover such a charge. The specification of fraudulent preference must, in my opinion, be governed by the first subdivision of section 35, and can be a preference fraudulent under the act only when made within four months before the filing of the petition in bankruptcy. See Bean v. Brookmire [Case No. 1,168]. It is urged that there is no limitation in section 29 reciting the transactions which forbid a discharge on account of a fraudulent preference, but I think the designation, "fraudulent preference contrary to the provisions of the act," is definite enough, and refers us to the 35th section to ascertain the character of the transaction. The demurrer to the first specification is therefore sustained.

The third specification charges that the bankrupt made a fraudulent transfer of some part of his property, in that he expended large sums of his own money, during the years 1867, 1868 and 1869, in permanent improvements upon property belonging to his wife, with intent to hinder, delay, and defraud his creditors. The demurrer to this specification must also be sustained. It is true, that the fraudulent acts alleged would entitle the assignee to recover the amount of money expended by the bankrupt

in improvements upon the property owned by his wife, if done with the intent charged. The assignee has the same legal and equitable rights that any creditor had before the adjudication of bankruptcy; but when it is considered that the policy of the bankrupt law, while it provides for an equal distribution of the estate among the creditors, also contemplates the discharge of the bankrupt unless he has committed an act specially mentioned in section 29, I think the character of fraud set up in this specification can not be regarded such as would bar a discharge. In my opinion, the fraudulent payment, gift, transfer, etc., of property mentioned in this section, must be such as are denominated frauds by the terms of the bankrupt law and particularly described in section 35. Such transfers are denounced, and the bankrupt making them forfeits all right to his discharge. The construction urged by the solicitor for the creditors would embrace all conveyances, if fraudulent as to creditors, whether under the bankrupt act, the state statute, or the common law. The right of the assignee to the possession of the entire estate of the bankrupt, and to recover by proper proceedings property fraudulently disposed of, is full and ample; but the limitation of the right of the bankrupt to a discharge is restricted to the prohibitions in section 29, and where the frauds mentioned are not expressly defined therein, we must look to other portions of the bankrupt act for an explanation. This specification does not charge a fraudulent transfer within the terms of section 35, and is not sufficient.